## COZZENS *v.* HIGGINS.

December, 1866.

In an action for trespass in entering and injuring plaintiff's building, when defendant attempts to justify his acts as having been necessary to protect plaintiff's premises from injury by excavations which defendant was making on his own land, evidence of the effect on plaintiff's premises, of the digging on defendant's own land, is admissible, in connection with the evidence of trespass on the plaintiff's premises.

In an action for injuries to plaintiff's premises, a photograph of the premises, taken at the time they were in the condition in which they were put by defendant, is admissible.

Frederick S. Cozzens sued Alvin Higgins, in the supreme court, for damages for an alleged trespass.

The complaint alleged that plaintiff was a wine merchant, occupying, as lessee, a store and cellar in the city of New York; that defendant entered on plaintiff's premises, removed a part of the floor of the cellar, carried away the front and rear steps, &c., and broke through the cellar walls, and inserted large sticks of timber, &c.

On the trial it appeared that defendant, who owned the two lots adjoining plaintiff's tenement, undertook to build two stores thereon; and the acts complained of by the plaintiff were done in the course of this work. The principal question of fact contested upon the trial was, whether defendant obtained from plaintiff the necessary license to enter upon plaintiff's premises, under the act of 1855,—which requires one, excavating more than ten feet below the curb in the cities of New York or Brooklyn, to preserve from injury any wall of an adjoining neighbor, standing on or near the boundary line, if afforded the necessary license to enter on the adjoining land, and not otherwise. *L.* 1855, p. 11, c. 6.

On the examination of the plaintiff as a witness, he testified

to the invasion of the premises as alleged in the complaint. He was asked " what was the effect of the digging ; "—this question having reference to the digging on the defendant's own land. He replied, " My cellar door dropped down about two-thirds across it." In answer to another question, he said, " As regards the vault under the side-walk, the defendant, in building his own vault, suffered the end of mine to fall down."

This evidence was admitted, against an objection on the ground that it was not material to an allegation of trespass on plaintiff's premises, and that defendant was not sued for what he did on his own land.

Plaintiff's counsel produced and put in evidence a photograph showing the condition of the cellar floor in the state in which defendant's work put it. It appeared from the case on this appeal that defendant's counsel objected, but the court allowed the photograph to be exhibited to and examined by the jury, with leave to either party to refer to it on the argument. The ground of defendant's objection to the admission of the photograph did not appear by the case ; but the grounds urged on this appeal were : 1. That the photograph showed the condition of things caused by defendant's digging on his own lot,—acts of which plaintiff had no right to complain, and did not complain in this suit. 2. That there was no proof that the photograph was made from the cellar, nor that it was correct.

The jury gave plaintiff a verdict for three thousand dollars.

*The supreme court* at special term refused a motion for a new trial. LEONARD, J., in delivering the opinion said : " I have carefully perused the pleadings and evidence, and the argument of counsel on each side, and I am satisfied that I ought not to disturb the verdict, considering both the weight of evidence and the amount of damages found by the jury. . . .

" The defendant was a trespasser. Had he given reasonable notice to the plaintiff he [plaintiff] might have preferred to have the work of shoring up his wall carried on under his own direction in a more rapid manner, or with more regard for his own convenience.

" No doubt such a course would have entailed a heavy expense to the plaintiff, and so far as another can judge, it would have been very much against the interest of the plaintiff to

have undertaken the work himself. Still it was the plaintiff's right to have an opportunity to make his election.

"The defendant, then, having entered the premises of the plaintiff, in the manner proven, as a trespasser, is legally liable for all the damages which the plaintiff sustained. . . ."

Judgment having been entered and affirmed at general term, without any further opinion in writing, defendant appealed.

*Augustus F. Smith,* for defendant, appellant;—Besides insisting on the exceptions to evidence, urged that in an action for trespass in entering plaintiff's store, plaintiff could not recover for injuries caused by defendant's negligence in digging upon his own land; this not being alleged in the complaint: citing Partridge *v.* Gilbert, 15 *N. Y.* 601, 611, 612; Peyton *v.* Mayor of London, 9 *Barn. & C.* 725; Radcliff *v.* Mayor of Brooklyn, 4 *Com.* 195, 200–203; Farrand *v.* Marshall, 19 *Barb.* 380, 386; S. C., 21 *Id.* 409; *L.* 1865, c. 6, p. 11.

*William Fullerton,* for plaintiff, respondent;—Cited Panton *v.* Holland, 17 *Johns.* 99; McGuire *v.* Grant, 1 *Dutch.* 356.

BY THE COURT.—PORTER, J.—The appellant assumed to justify the acts complained of, on the ground that they were necessary to protect the property of the plaintiff from injuries to which he was about to expose it, by undermining the walls of both; that the means he used were appropriate and adequate; and that they were resorted to with the assent of the respondent. The evidence objected to was admissible, as it tended to show the extent of the actual injury, and the insufficiency of the appliances to which the defendants had recourse for the purpose of averting it. It was for the jury to determine, in view of all the evidence, and under appropriate instructions from the court, how far the damages resulting to the plaintiff were referable to the defendant's wrong.

The photographic view of the cellar was an appropriate aid to the jury in applying the evidence, as it was taken in the month of November, and showed the condition of the premises at that time.

None of the evidence objected to was irrelevant to the issue,

and in no instance was any ground of objection stated, to justify its exclusion by the judge.

The cause was well tried, and the judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.

